in the empire of Japan, per steamship Urd. (2) Said cases or coverings of tea are wholly composed and manufactured of light tin, in the form of a tin chest, and the dimensions of each chest are 3 by 2½ by 2 feet, and each chest is capable of containing about 80 pounds of tea, and is used to contain and protect tea in its transportation. (3) The tin cases or coverings of tea in question are known generally in the United States as tea caddies," and, after having subserved the purpose of the transportation and importation of tea, are used as tea caddies, and as such are protected by letters patent entitled "Toohey's Patent Excelsior Tea Caddy," No. 526,511, dated September 25, 1894. (4) Under said letters patent said tin cases or coverings of tea known generally as tea caddies are manufactured with a sliding cover, and, after having subserved the purpose of the importation of tea, are designed to be used, and are used, to retain tea and such like articles as may be placed therein, and are available, and are actually employed, for uses other than and in addition to the transportation of tea. (5) The said tin cases or coverings of tea are not specially provided for in the tariff act of July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626).

From the foregoing findings of fact I find as a matter of law that the imported articles in question are unusual coverings of tea, and should be classified and assessed for duty as articles wholly composed and manufactured of metal, to wit, tin, and are not specially provided for by the act of July 24, 1897, and as such are subject to a duty of 45 per cent. ad valorem, under paragraph 193, Schedule C, § 1, of Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1645), and that the decision of the Board of United States General Appraisers rendered February 7, 1899, at New York, holding that the articles in question are not subject to duty, but are entitled to free entry as coverings of tea, under the provisions of section 19, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 139 (U. S. Comp. St. 1901, p. 1924), is erroneous, and should be reversed.

It is hereby ordered that judgment be entered accordingly.

---

### I. T. WILLIAMS & SONS v. UNITED STATES.

(Circuit Court, S. D. New York. December 18, 1903.)

#### No. 3,337.

1. CUSTOMS DUTIES—CLASSIFICATION—CABINET WOOD.

> *Held*, that certain cabinet wood, sawed lengthwise on two or more sides, is not free of duty, under the provisions in paragraph 700, Free List, § 2, Tariff Act July 24, 1897, c. 11, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], for "all forms of cabinet wood, in the log, rough or hewn only," but is dutiable under paragraph 198, Schedule D, § 1, c. 11, of said act, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646], covering "cabinet woods not further manufactured than sawed."

Application of I. T. Williams & Sons, importers, for a review of the decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York on certain imported merchandise.

The opinion of the Board (In re Williams, G. A. 5191) is as follows:

FISCHER, General Appraiser. The merchandise here in question was assessed for duty at the rate of 15 per cent. ad valorem under paragraph 198, Schedule D, § 1, of the tariff act of July 24, 1897, c. 11, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646], and is claimed to be free of duty under paragraph 700, Free List, § 2, c. 11, of said act, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], as "all forms of cabinet woods, in the log, rough or hewn only." We find as matter of fact that this merchandise consists of deals or flitches of Italian walnut from 4½ to 12 inches thick, 18 to 31 inches wide, and 6 to 11 feet long, all being sawed on two sides, and some sawed on four sides. The importers rely upon the decision in Williams v. U. S. (C. C.; no written opinion). That case arose, however, under the tariff act of August 27, 1894, c. 349, 28 Stat. 509, which provided in paragraph 684, Free List, § 2, 28 Stat. 546, for "all forms of cabinet woods, in the log, rough or hewn." This provision appears in the act of July 24, 1897, par. 700, Free List, § 2, c. 11, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], with the important addition of the word "only." In the act of 1897 there is a provision (paragraph 198, Schedule D, § 1, c. 11, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646]), which did not appear in the act of 1894, for "sawed boards, planks, deals, and all forms of sawed cedar, lignum-vitæ, lancewood, ebony, box, granadilla, mahogany, rosewood, satinwood, and all other cabinet woods not further manufactured than sawed, fifteen per centum ad valorem." This provision was also in the act of October 1, 1890, c. 1244, § 1, Schedule D, par. 220, 26 Stat. 583, and when Congress dropped it from the act of 1894 the collector classified the merchandise as an unenumerated article, wholly or partly manufactured, which classification was overruled by the court. These deals or flitches are not "in the log," each log having been sawed lengthwise at least two or three times. They are, however, clearly within the provision for "cabinet woods not further manufactured than sawed." This decision is in harmony with G. A. 4502, where the same question arose as to mahogany logs squared by sawing, which were held not to be free as logs rough or hewn only. It differs, however, from G. A. 5181, recently decided by the board, wherein cabinet wood merely sawed crosswise for convenience in transportation was held to be free of duty under paragraph 700. The protest is overruled, and the decision of the collector affirmed.

W. Wickham Smith, for importers.

Charles D. Baker, Asst. U. S. Atty.

Before PLATT, District Judge.

At the close of the argument the decision of the Board of General Appraisers was affirmed in open court, without opinion.

---

COLTRANE v. BALTIMORE BUILDING & LOAN ASS'N.

(Circuit Court, W. D. Virginia. October 28, 1903.)

1. JUDICIAL SALES—CONFIRMATION—NOTICE.

When confirmation of a judicial sale is desired, the better practice is to serve on counsel notice that at a time and place stated decree nisi will be moved for. The motion, when made, should be accompanied by proof of service of such notice.

2. SAME—PERSON MOVING FOR CONFIRMATION.

The purchaser at judicial sale is not the only one who may move for confirmation.